# District Court of the Navajo Nation

Judicial District of Shiprock, New Mexico

---

**Agricredit Acceptance,**
**a Delaware Limited Liability Company,**
**doing business as**
**Agricredit Acceptance Company,**
**Plaintiff/Petitioner,**

v.

**Laberta Henderson,**
**Defendant/Respondent.**
**Decided July 22, 1997**

---

## ORDER DENYING MOTION TO SET ASIDE ORDER

Judge Lorene Ferguson presiding.

A verified Petition for Repossession was filed on February 19,1997 by Plaintiff, Agricredit Acceptance, alleging that the Respondent executed a Renewal and Refinancing Agreement promising to make payments on farm equipment described as a C/M trailer, Serial No. 49TCB1423P1017651; Massey Ferguson Tractor, Serial No. 56182; Massey Ferguson Plow, Serial No. 21885; Hobart Welder, Serial No. 93W522572; and a BB Trailer, Serial No. 85198. Plaintiff further alleged that Respondent failed to make the required payment and was in default and in arrears in the amountof $16,011.69, plus interest and late charges.

A hearing was scheduled to take place on February 26,1997 and Respondent was served; however, she did not appear. Instead, a stipulation between the parties was entered and submitted to this Court. Notwithstanding this, this Court held a hearing and at the hearing, while the Respondent did not appear, the Petitioner appeared and informed the Court that a stipulation was entered into. The Court entered a Stipulated Order on February 26,1997 incorporating the terms of the stipulation.

On April 21, 1997, the Respondent filed a Motion to Set Aside the Stipulated Order and asked for a dismissal alleging that Respondent was coerced into signing the Stipulated Order. Respondent further alleged:

1. That she was promised by Plaintiff's Counsel that he will terminate the case and strike her name from the action.

2. The Stipulation is voidable because another "crucial and indispensable party" did not sign the Stipulation Order.

3. Jerome T. Begay is the indispensable party and he was not named as a party and was not served, resulting in this Court's lack of jurisdiction.

# RESPONDENT'S MOTION TO SET ASIDE ORDER AND MOTION TO DISMISS

Respondent states that the case be dismissed because Jerome T. Begay was an indispensable party pursuant to the Renewal and Financing agreement signed both by Jerome T. Begay and Laberta Henderson. The matter was brought before this Court naming Laberta Henderson as Respondent utilizing the Repossession Rules. Thus, the Respondent was required to appear in Court pursuant to an Order to Show Cause petition.

Ms. Henderson did not appear although she was properly served, and she did not raise any affirmative defenses, including any defenses pursuant to Rule 12 (a) and (b), Failure to Join a Party under Rule 19, or Rule 56 (b).

Rule 19 (a) states that if feasible, a person must be made a party in an action if (1) complete relief cannot be given to those already parties unless such person is made a party; or (2) the person claims an interest relating to the subject of the action and disposition of the action without the party may: a. impair or impede his ability to protect that interest, or b. leave any of the parties subject to a substantial or multiple or inconsistent liability by reason of the claimed interests.

Rule 19 (b) states, "a person shall be made a party under this Rule only if Joinder is Feasible." Joinder is feasible if: 1. Joinder will not deprive the Court of subject matter jurisdiction; and 2. The person to be joined is subject to service of process.

In addition, failure to join an indispensable party must be raised as an affirmative defense under Rule 12 (b). The Respondent, as pointed out, did not raise failure to join as an affirmative defense.

Both Rule 19 (a) and (b) require a person to be made a party *if feasible*. If indeed, the Respondent raised the affirmative defense of the failure to join, the Court would have had to determine whether it was feasible.

Jerome T. Begay, 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, was released from all dischargeable debts on April 11, 1996 at which time, the creditor, Kirtland Tractor and Trailer Sales, P.O. Box #1659, Kirtland, New Mexico, was discharged and enjoined from instituting or continuing any action or employing any processes or engaging in any act to collect such debts as personal liabilities of Jerome T. Begay.

Neither could the Plaintiff join Jerome T. Begay as a party nor was it in a position to serve him. It was not feasible to join Jerome T. Begay as a party.

While Jerome T. Begay was discharged as a debtor to Kirtland Tractor and Trailer Sales, Respondent Laberta Henderson was not discharged and is still held responsible. Thus, when Ms. Henderson failed to appear to raise any defenses and furthermore, when she signed her name to the stipulation, which was submitted to this Court, this Court incorporated it into its Order.

Respondent argues that the stipulation is voidable and should have no effect because the "crucial and indispensable party" did not sign the stipulation.

Respondent argues that his failure to be joined as a party and the lack of service of process on him requires the Court to vacate and dismiss the action.

As previously stated, Mr. Begay cannot be made a party and, as far as the Court can ascertain, given a copy of the Renewal and Refinancing Agreement, and the fact that Ms. Henderson did not appear in Court to raise any defenses, but rather signed her name to the stipulation, this Court concludes that Laberta Henderson is still liable for any outstanding amount owed on the contract entered on June 19, 1995 for $16,011.69, plus Court costs and interests. Plus, when a stipulation was forwarded to this Court, the Court entered its judgment.

The Respondent appears to be alleging fraud. However, in *General Motors Acceptance Company v. Bitah*, 6 Nav. R. 45, 48 (1988), the Navajo Supreme Court states that "Fraudulent conduct is never presumed, neither should its existence rest on mere suspicion or surmise. Each of the essential elements for fraudulent mispresentation must be proved by clear and convincing evidence. The standard of clear and convincing proof must be strictly adhered to, because a charge of fraud can damage a person's reputation with the mark of dishonesty."

Furthermore, fraud must be pleaded at the time the answer is filed. Here, since the repossession rules do not require an answer, an appearance pursuant to an Order to Show Cause would suffice. When fraud is alleged, the party alleging false mispresentation must prove:

1. The Defendant made a false representation;

2. The Defendant knows or believes that the representation is not as the Defendant represented or that the representation was recklessly made;

3. The Defendant intended to deceive or to induce the other party to act or refrain from action in reliance on the misrepresentation; and

4. The Plaintiff relied on the misrepresentation to his or her detriment. *Bitah*, 6 Nav. R. at 45.

Here, the false misrepresentation is alleged to have occurred by Petitioner's Counsel, not the Defendant. The requirements to prove fraud were not met.

IT IS HEREBY ORDERED that the Respondent's Motion to Set Aside Order and Motion to Dismiss case are DENIED.